IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DECALVIN SHUNTRELL RAPHIEL, | § § § |
| Plaintiff, | § CIVIL ACTION NO. 5:22-CV-02120 |
| | § § |
| v. | § JUDGE ELIZABETH ERNY FOOTE |
| | § § |
| MARK BEGOR (EQUIFAX), CHRISTOPHER CARTWRIGHT (TRANS UNION), AND MIKE ROGERS, CFO, REGISTERED AGENTS, CEO, ANY DERIVATIVES OF ANY AND ALL NAMES (EXPERIAN), | § MAGISTRATE JUDGE MARK L. § HORNSBY § § § § § § |
| Defendants. | § |

**MEMORANDUM IN SUPPORT OF DEFENDANT MIKE ROGER'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Mike Rogers ("Mr. Rogers") submits this memorandum in support of his motion to dismiss Plaintiff DeCalvin Raphiel's Complaint (the "Complaint") pursuant to Rule 12(b). Mr. Rogers moves this Court to dismiss the Complaint with prejudice due to (1) Plaintiff's insufficient service of process, (2) lack of personal jurisdiction over Mr. Rogers, and (3) Plaintiff's failure to state a claim upon which relief can be granted.

**TABLE OF CONTENTS**

**I.** **Plaintiff's claims against Mr. Rogers should be dismissed due to insufficient service of process.** ................................................................................................................................ 1

    A. Plaintiff failed to satisfy any of the methods enumerated under Rule 4(e)(2). ............. 2

    B. Plaintiff failed to follow Louisiana or California law for serving a summons. ............ 2

        1. Plaintiff's method of service does not comply with Louisiana law. .......................... 3

        2. Plaintiff's method of service does not comply with California law. ......................... 3

**II.** The Court lacks personal jurisdiction over Mr. Rogers. ................................................... 4

    A. The Court lacks general jurisdiction over Mr. Rogers. ................................................ 4

    B. The Court lacks specific jurisdiction over Mr. Rogers. ............................................... 5

**III.** Plaintiff fails to state a claim upon which relief can be granted against Mr. Rogers. ..... 5

    A. Plaintiff fails to state a claim under the FCRA against Mr. Rogers because he is not a "consumer reporting agency." ........................................................................................ 6

    B. Plaintiff fails to state a claim under the FDCPA against Mr. Rogers because he is not a "debt collector." ............................................................................................................ 9

**IV.** The Court should dismiss the Complaint against Mr. Rogers with prejudice. ............. 10

# TABLE OF AUTHORITIES

Page(s)

Cases

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................... 5

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................... 5

*Benny v. Pipes*,
   799 F.2d 489 (9th Cir. 1986) ................................................................................................. 2

*Carimi v. Royal Caribbean Cruise Linc, Inc.*,
   959 F.2d 1344 (5th Cir. 1992) ............................................................................................... 2

*Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*,
   741 F.3d 769 (7th Cir. 2013) ................................................................................................. 5

*Collier v. Landry*,
   115 So. 3d 31 (La. Ct. App. 2013) ........................................................................................ 3

*Criddell v. Trans Union LLC*, No. 09 C,
   2010 WL 1693093 (N.D. Ill. Apr. 27, 2010) ......................................................................... 8

*Drago v. Drago*,
   477 So. 2d 786 (La. Ct. App. 1985) ...................................................................................... 3

*Fagan v. Lawrence Nathan Assocs., Inc.*,
   957 F. Supp. 2d 784 (E.D. La. 2013) .................................................................................... 4

*Francois v. Parish*,
   2014 WL 7140206 (E.D. La. Dec. 12, 2014) ...................................................................... 10

*Frederick v. Marquette Nat'l Bank*,
   911 F.2d 1 (7th Cir. 1990) ..................................................................................................... 8

*Harlan v. Dep't of Health & Human Servs.*,
   2009 WL 10703168 (S.D. Tex. Mar. 2, 2009) .................................................................... 10

*Holly v. Metro. Transit Auth.*,
   213 F. App'x 343 (5th Cir. 2007) .......................................................................................... 1

*Jackson v. Tanfoglio Giuseppe, S.R.L.*,
   615 F.3d 579 (5th Cir. 2010) ............................................................................................ 4, 5

*Lowe v. MAC Federal Credit Union*,
   2018 WL 2422999 (W.D. Tex. May 29, 2018) ..................................................................... 5

*Martin v. Overton*,
   391 F.3d 710 (6th Cir. 2004) ................................................................................................. 6

*McCready v. eBay, Inc.*,
   2005 WL 6082528 (C.D. Ill. Feb. 4, 2005) ........................................................................... 8

*McNack v. Smith*,
   2015 WL 7302218 (C.D. Cal. Nov. 16, 2015) ...................................................................... 8

*Pliler v. Ford*,
   542 U.S. 225 (2004) ............................................................................................................... 6

*Seiferth v. Helicopteros Atuneros, Inc.*,
   472 F.3d 266 (5th Cir. 2006) ................................................................................................. 5

*Sloan v. Trans Union, LLC*, No. CIV.,
  2010 WL 1949621 (E.D. Mich. Apr. 22, 2010) ........................................................................ 8
*Wells v. Brown*,
  891 F.2d 591 (6th Cir. 1989) .................................................................................................. 6
*White v. Experian Consumer Fraud Assistance*,
  671 F. App'x 878 (4th Cir. 2016) ........................................................................................... 9
*Wyatt v. Kaplan*,
  686 F.2d 276 (5th Cir. 1982) .................................................................................................. 4
*Young Bok Song v. Gipson*,
  423 F. App'x 506 (6th Cir. 2011) ........................................................................................... 6

**Statutes**

15 U.S.C. § 1681a(b) .................................................................................................................... 8
15 U.S.C. § 1681a(f) ..................................................................................................................... 8
15 U.S.C. § 1681g(a) .................................................................................................................... 7
15 U.S.C. § 1692a(6) .................................................................................................................... 9
15 U.S.C. § 1692e .................................................................................................................... 9, 10
15 U.S.C. §§ 1681(a)(1), (3) ......................................................................................................... 6
26 U.S.C. § 6671(b) ...................................................................................................................... 7
26 U.S.C. § 6672(a) ...................................................................................................................... 7
26 U.S.C. §§ 3102(a), 3402(a) ...................................................................................................... 7
Cal. Code Civ. P. § 416.90 ............................................................................................................ 3
La. Stat. 13:3204 ........................................................................................................................... 3

**Rules**

Fed. R. Evid. 201 .......................................................................................................................... 3
Federal Rule of Civil Procedure 12 ........................................................................................... 5, 1
Federal Rule of Civil Procedure 4 ................................................................................................ 2

## INTRODUCTION

On July 14, 2022, Plaintiff DeCalvin Raphiel ("Plaintiff") filed the Complaint against Mr. Rogers appearing to allege various claims based on the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA").

The Complaint should be dismissed for three reasons: *First*, Plaintiff's claims against Mr. Rogers must be dismissed for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). *Second*, Plaintiff's claims against Mr. Rogers should be dismissed because this Court lacks personal jurisdiction over Mr. Rogers. *Third*, Plaintiff's FDCPA claim fails because Mr. Rogers is not a "debt collector" under that act. Likewise, Plaintiff's FCRA claims fail because Mr. Rogers is not a "consumer reporting agency" and does not himself publish information about consumers. Further, all Plaintiff's claims should be dismissed because he has not pled any facts to support his allegations.

## ARGUMENT

Prior to serving a response pleading, "a party may assert the following defenses by motion . . . (2) lack of personal jurisdiction," "(5) insufficient service of process" and "(6) failure to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(5), (6). A motion under Rule 12(b) "must be made before pleading if a responsive pleading is allowed." Mr. Rogers has not filed a responsive pleading at the time of his motion to dismiss. Accordingly, the motion is timely.

**I.     Plaintiff's claims against Mr. Rogers should be dismissed due to insufficient service of process.**

Rule 12(b)(5) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). "The party making service has the burden of demonstrating its validity when an objection to service is made." *Holly v. Metro.*

*Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007) (citing *Carimi v. Royal Caribbean Cruise Linc, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

Rule 4 of the Federal Rules of Civil Procedure prescribes the manner in which a defendant may be properly served. "Neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with Rule 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). Rule 4(e) governs service of process of an individual within the United States. An individual may be served either by (1) perfecting one of the methods of service enumerated under Rule 4(e)(2) or (2) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e). Plaintiff failed to effect service under any of those methods.

### A. Plaintiff failed to satisfy any of the methods enumerated under Rule 4(e)(2).

Under Rule 4(e)(2), an individual may be served by (1) delivering a copy of the summons and complaint to the individual personally, (2) leaving a copy of each at the individual's dwelling with someone of suitable age and discretion residing there, or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Here, Plaintiff mailed a copy of the summons and the complaint to "Mike Rogers" at "475 Anton Boulevard, Costa Mesa, CA 92626." (*See* ECF No. 6 at 2.) Service by mail does not satisfy any of the methods listed under Rule 4(e)(2).

### B. Plaintiff failed to follow Louisiana or California law for serving a summons.

Rule 4(e)(1) also provides that an individual "may be served in a judicial district of the United States by following state law for serving a summon in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

2

### 1. Plaintiff's method of service does not comply with Louisiana law.

Louisiana—the state where this Court is located—allows serving individuals outside the state by mail under its long-arm statute. *See* La. Stat. 13:3204. Under that statute, "non-resident service requires that a certified copy of the citation be sent by counsel for the plaintiff [or by plaintiff, if unrepresented] to the defendant by registered or certified mail." *Collier v. Landry*, 115 So. 3d 31, 33 (La. Ct. App. 2013) (citing La. Stat. 13:3204). "However, a valid long-arm service of process cannot be effected on a defendant by sending a certified copy of the citation and petition to defendant's place of employment by certified mail." *Id.* (citing *Drago v. Drago*, 477 So. 2d 786, 788 (La. Ct. App. 1985).

Again, here, Plaintiff mailed a copy of the summons and the complaint to "475 Anton Boulevard, Costa Mesa, CA 92626." (*See* ECF No. 6 at 2.) That address is the address of Experian Information Solutions, Inc.'s North American Headquarters, a fact of which Mr. Rogers respectfully requests that this court takes judicial notice.[1] Regardless whether the Costa Mesa address is Mr. Roger's "place of employment," it is clearly a business address and not a proper address for serving a defendant under Louisiana's long-arm service statute. *See Collier*, 115 So. 3d at 33.

### 2. Plaintiff's method of service does not comply with California law.

California—the place where service was made—requires that individuals be served "by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive service of process." Cal. Code Civ. P. § 416.90. Alternative service—including

---

[1] Mr. Rogers respectfully requests that the Court take judicial notice that "475 Anton Boulevard, Costa Mesa, CA 92626" is the address of Experian Information Solutions, Inc.'s ("Experian's") North American Headquarters. *See* Fed. R. Evid. 201. Experian's website provides that that address is its North American Headquarters address. *See* "Our Locations," Experian, available at https://www.experian.com/corporate/experian-locations (last visited Aug. 16, 2022). This fact "is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

service by mail—on an individual is only authorized if "a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served." *Id.* § 415.20(b).

Because Plaintiff has only attempted to effect service by mail, he has likewise not complied with California law regarding service of process.

Because Plaintiff has not perfected service under any method specified in Rule 4(e)(2) or under any applicable state law, as provided by Rule 4(e)(1), service of process is insufficient and the Complaint should be dismissed against Mr. Rogers.

**II.     The Court lacks personal jurisdiction over Mr. Rogers.**

Even if Plaintiff properly served Mr. Rogers, the Court would still lack personal jurisdiction over Mr. Rogers. Plaintiff bears the burden—even on a motion to dismiss—to establish personal jurisdiction. *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982). Personal jurisdiction can either be general or specific. *See Fagan v. Lawrence Nathan Assocs., Inc.*, 957 F. Supp. 2d 784, 791–92 (E.D. La. 2013) (citing *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 584 (5th Cir. 2010)).

**A.     The Court lacks general jurisdiction over Mr. Rogers.**

A court may exercise general jurisdiction where "a defendant has continuous and systematic general business contacts with the forum state." *Jackson*, 615 F.3d at 584 (internal quotations and citations omitted). "[A] defendant must have a business presence *in* the forum state." *Id.*

Here, Mr. Rogers neither resides in Louisiana nor does he conduct business in Louisiana. Furthermore, Plaintiff has not alleged that Mr. Rogers does. Accordingly, there is no basis for this Court exercising general jurisdiction over Mr. Rogers.

4

### B. The Court lacks specific jurisdiction over Mr. Rogers.

To determine whether specific jurisdiction exists, a court applies a three-step analysis: "(1) whether the defendant has minimum contacts with the forum state; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Jackson*, 615 F.3d at 585 (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)).

Here, Plaintiff has not alleged any facts that would justify exercising specific jurisdiction over Mr. Rogers. Plaintiff has not alleged that Mr. Rogers has any contacts with the state or that those contacts *relate to* Plaintiff's injuries. Plaintiff alleges violations of the FDCPA and FCRA. As further argued below, Mr. Rogers is neither a "debt collector" nor a "consumer reporting agency." Accordingly, even if Mr. Rogers did have sufficient "minimum contacts" with Louisiana, those contacts would not relate to Plaintiff's claims. *See, e.g.*, *Lowe v. MAC Federal Credit Union*, 2018 WL 2422999, at *6–7 (W.D. Tex. May 29, 2018) (concluding that a creditor based in Alaska did not have sufficient contacts with Texas simply because the debtor lived in Texas).

### III. Plaintiff fails to state a claim upon which relief can be granted against Mr. Rogers.

Federal Rule of Civil Procedure 12(b)(6) requires the Court to dismiss a complaint if it fails to state a claim upon which relief can be granted. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"). Rather, "a plausible claim *must include factual content* sufficient to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Charleston v. Bd. of*

5

*Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) (internal quotation marks and citation omitted) (emphasis added).

Although *pro se* plaintiffs are held to a less stringent standard, the leniency granted in reviewing a *pro se* pleading is not boundless. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). *Pro se* litigants are still required to fulfill the basic pleading requirements set forth in the Federal Rules of Civil Procedure. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (courts have not "been willing to abrogate basic pleading essentials in pro se suits."). Further, courts "have no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Nor are courts required to "ferret out" the strongest cause of action on behalf of *pro se* litigants. *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). Here, Plaintiff's Complaint fails to allege sufficient facts upon which relief could be granted. The Complaint against Mr. Rogers should be dismissed.

### A. Plaintiff fails to state a claim under the FCRA against Mr. Rogers because he is not a "consumer reporting agency."

Plaintiff does not allege sufficient facts in his Complaint that, accepted as true, would subject Mr. Rogers to liability under the FCRA. Mr. Rogers cannot be liable to Plaintiff because the FCRA does not apply to a consumer reporting agency's officers, directors or employees, but only to the consumer credit reporting agencies themselves.

Plaintiff alleges that Mr. Rogers is "CFO" of "Experian." (ECF No. 1 at 9.) However, nowhere does Plaintiff allege, nor could he allege, that Mr. Rogers is a "consumer reporting agency" as defined by the FCRA. Simply being an officer, director or employee of a consumer reporting agency does not equate to being a "consumer reporting agency" under the FCRA.

In enacting the FCRA, Congress recognized that "[t]he banking system is dependent upon fair and accurate credit reporting" and that "[c]onsumer reporting agencies [such as Experian

6

Information Solutions, Inc.] have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. §§ 1681(a)(1), (3). Congress also recognized that the need for credit information must be balanced within an individual's right to privacy. In balancing the needs of commerce and the needs of the individual, Congress established numerous duties owed by consumer reporting agencies to consumers. For example, when requested by the consumer, consumer reporting agencies must disclose the consumer's credit information in its files, must disclose the sources of information, and must disclose to whom credit information recently has been given. 15 U.S.C. § 1681g(a). However, these duties imposed by Congress on consumer reporting agencies do not and cannot extend to their officers and employees, including Mr. Rogers. Naming Mr. Rogers as a Defendant in this matter does not draw him within the scope of the statute.

Whether a statutorily created corporate duty also is imposed on Experian's directors, officers and employees depends on whether the statute includes corporate directors, officers or employees within its ambit. For example, the Internal Revenue Code requires employers to withhold certain taxes from employee's wages. *See* 26 U.S.C. §§ 3102(a), 3402(a). If taxes are not withheld, the Internal Revenue Service may impose penalties against any "person . . . who willfully fails to collect such tax . . . ." 26 U.S.C. § 6672(a). A person against whom penalties may be assessed "includes an *officer or employee* of a corporation . . . ." 26 U.S.C. § 6671(b) (emphasis added).

In contrast, the duties imposed by the FCRA apply only to "consumer reporting agencies" themselves, not their officers or employees. Congress has defined a "consumer reporting agency" as:

> . . . any person which, for monetary fees . . . regularly engages in whole or in part in the practice of assembling or evaluating

7

>consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. . . .

15 U.S.C. § 1681a(f). The term "person" is defined as: "any individual, partnership, corporation, trust estate, cooperative, association, government or governmental subdivision or agency, or other entity." 15 U.S.C. § 1681a(b). Absent from this definition is any reference to "officers" or "employees."

Courts have consistently held that "individual defendants cannot be held liable solely because they are the chief executive officers for the corporate defendants." *Sloan v. Trans Union, LLC*, No. CIV.A.10-10356, 2010 WL 1949621, at *2 (E.D. Mich. Apr. 22, 2010), report and recommendation adopted, No. CIV.10-10356, 2010 WL 1949622 (E.D. Mich. May 13, 2010) (granting motion to dismiss FCRA claim against credit reporting agency executive for failure to allege sufficient facts to state a claim); *McNack v. Smith*, No. 2:14-CV-04810-CAS(SPx), 2015 WL 7302218, at *5 (C.D. Cal. Nov. 16, 2015) (dismissing FCRA claims against the chief executive officers of TransUnion, Equifax, and Capital One because plaintiff failed to allege sufficient facts to impose personal liability against the defendants). Moreover, courts interpreting the definition of a "consumer reporting agency" have limited its purview to those in the business of collecting and disseminating consumer credit data. *See Frederick v. Marquette Nat'l Bank*, 911 F.2d 1, 2 (7th Cir. 1990) (court stated that "[w]hen a statute expressly confines liability to X's and the defendant is a Y, the suit is frivolous;" because plaintiff's credit reporting suit was against a bank, and not a consumer reporting agency, the case was dismissed); *see also Criddell v. Trans Union LLC*, No. 09 C 6235, 2010 WL 1693093, at *3 (N.D. Ill. Apr. 27, 2010) ("[c]onsumer reporting agency refers to entities that are in the business of assembling and evaluating consumer credit information;" holding that credit services company did not constitute a consumer reporting agency (internal quotation marks and citation omitted)); *McCready v. eBay, Inc.*, No. 03-CV-2117, 2005 WL

8

6082528, at *8 (C.D. Ill. Feb. 4, 2005) ("as used in the FCRA, the term consumer reporting agency refers to firms that are in the business of assembling and evaluating consumer credit information[;]" holding that an online auction site did not constitute a consumer reporting agency (internal quotation marks and citation omitted)).

Mr. Rogers is not a "consumer reporting agency" as contemplated by the FCRA. Mr. Rogers does not assemble or evaluate consumer credit information for the purpose of furnishing consumer reports to third parties. Therefore, he is not a "consumer reporting agency" and cannot be held liable under the FCRA.

**B. Plaintiff fails to state a claim under the FDCPA against Mr. Rogers because he is not a "debt collector."**

The FDCPA prohibits "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt." 15 U.S.C. § 1692e. In order to be liable under the FDCPA, a defendant must be a "debt collector" under the statute. *Id.* § 1692k. The statute defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6).

Plaintiff makes a conclusory allegation that "Mike Rogers" and the other defendants "are debt collectors." (ECF No. 1 at 3.) However, he provides no factual allegations that would support a finding that Mr. Rogers is a debt collector, nor could he. He does *not* allege that Mr. Rogers engages "any business the principle purpose of which is the collection of any debts" or that Mr. Rogers "regularly collects or attempts to collect, directly or indirectly, debts owed." 15 U.S.C. § 1692a(6). Furthermore, even if Experian's actions could be imputed to Mr. Rogers—which the preceding section makes clear, it cannot—consumer reporting agencies are not debt collectors.

9

*See, e.g.*, *White v. Experian Consumer Fraud Assistance*, No. 1:16-CV-49, 2016 WL 8918459, at *2 (N.D.W. Va. Aug. 15, 2016) ("Experian is not a debt collector, but rather a consumer reporting agency."), *aff'd*, 671 F. App'x 878 (4th Cir. 2016).

Lastly, even if Mr. Rogers did engage in the business of debt collection, Plaintiff also does not allege that Mr. Rogers has engaged in "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

### IV. The Court should dismiss the Complaint against Mr. Rogers with prejudice.

Plaintiff should not be granted another attempt to effect service or amend the Complaint. Even if he properly effects service on Mr. Rogers, Plaintiff has failed to state a claim against him upon which relief can be granted. Furthermore, assuming the Court agrees that there was insufficient service of process and therefore no personal jurisdiction over Mr. Rogers, the Court may still dismiss the Complaint with prejudice. *See, e.g.*, *Francois v. Parish*, No. 14-338, 2014 WL 7140206, at *4 (E.D. La. Dec. 12, 2014) (dismissing complaint with prejudice on basis of Rule 12(b)(6) *and* insufficient service of process); *Harlan v. Dep't of Health & Human Servs.*, No. 08-1943, 2009 WL 10703168, at *1 (S.D. Tex. Mar. 2, 2009) (same).

### CONCLUSION

For the reasons stated in this memorandum, Mr. Rogers respectfully moves this Court to dismiss the Complaint in its entirety.

Dated: August 18, 2022

Respectfully submitted,

s/ *Julie M. McCall*
Julie M. McCall
Louisiana Bar No. 29992
BUTLER SNOW LLP
445 North Blvd., Suite 300
Baton Rouge, Louisiana 70802
Julie.McCall@butlersnow.com
Telephone:  225-325-8700
Facsimile:  225-325-8800

*Attorney for Defendant
Mike Rogers*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of August 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, serving it on all CM/ECF users, and I served the foregoing document on the following party, who is not a CM/ECF user, via certified mail:

Decalvin Shuntrell Raphiel
P.O. Box 29334
Shreveport, LA 71149
*Plaintiff (Pro se)*

*s/ Julie M. McCall*
Julie M. McCall